### HERCULES POWDER CO. v. NEWTON, Commissioner of Patents.

(District Court, S. D. New York.    December 17, 1918.)

1. TRADE-MARKS AND TRADE-NAMES ⬡3(4) — REGISTRATION — DESCRIPTIVE WORDS—"INFALLIBLE."

The word "infallible," as applied to smokeless powder, is descriptive, conveying the idea that the powder will always do its work, and so is not the proper subject-matter for a registered trade-mark.

2. COURTS ⬡96(1)—DISTRICT COURT—WEIGHT OF DECISIONS OF DISTRICT OF COLUMBIA COURT OF APPEALS.

Before District Court will arrive at conclusion with respect to whether name "Infallible," as applied to smokeless powder, is descriptive, and not registerable, at variance with conclusion of Court of Appeals of District of Columbia upon the same matter, it should be clearly convinced that such conclusion was wrong (following Gold v. Newton, 254 Fed. 824, — C. C. A. —).

In Equity.    Suit by the Hercules Powder Company against James T. Newton, as Commissioner of Patents.    Bill dismissed.

Edwin J. Prindle, of New York City, for plaintiff.

Francis G. Caffey, U. S. Atty., of New York City, and Robert F. Whitehead, of Washington, D. C., for defendant.

MAYER, District Judge.    The suit is brought under the provisions of section 4915 of the United States Revised Statutes (Comp. St. 1916, § 9460); the Commissioner of Patents having consented that jurisdiction be entertained by this court.

Plaintiff seeks to require the Commissioner of Patents to register as a trade-mark for smokeless powder, the word "infallible."    Registration of this mark was refused by the examiner of trade-marks in the Patent Office and by the Commissioner of Patents, and, on appeal to the Court of Appeals of the District of Columbia, the decision of the Commissioner of Patents was affirmed.    Both the Commissioner of Patents and the Court of Appeals of the District of Columbia examined the subject-matter with great care and placed their respective decisions substantially upon the same ground.

[1] One question is whether "infallible," when used in connection with smokeless powder, is descriptive.    On this point the Commissioner of Patents said, in part:

" 'Infallible' is certainly descriptive of these qualities.    It is true this word does not exhaustively describe them; one word can seldom perform this function, but it is a word that will be useful in describing just the qualities that applicant says sporting powder should possess."

The Court of Appeals of the District of Columbia, in the same connection, held:

"The word 'infallible' implies something that never fails and that is certain of operation, incapable of error, and free from uncertainty or liability to failure."

The argument of counsel for the plaintiff is, first, that nothing can be said to be infallible, and, secondly, that the word "infallible," when

used in connection with smokeless powder, cannot be said to be descriptive. This word, when thus used, seems to me to convey the idea that the smokeless powder will invariably do its work, or, putting the thought in another way, that it can be used with certainty for the purpose for which it is desired.

[2] Counsel on both sides have analyzed with care many decisions of the Patent Office and of the courts, dealing with this subject of descriptive words. Counsel for plaintiff has called attention to some decisions of the Patent Office in respect of the word "infallible," which were not called to the attention of the Court of Appeals of the District of Columbia. These prior decisions of the Patent Office must be regarded as disposed of, so far as this case is concerned, by the decision of the District of Columbia Court of Appeals.

It will not be useful to analyze at length the effect of the many decisions which deal with this question of descriptive words. It certainly can be stated that, at best, the question is debatable, and the most favorable position in which the plaintiff can be put is that another court (i. e., this court) might hold differently from the Court of Appeals of the District of Columbia. I am of opinion that that court was right in its conclusion, but, in any event, before this court would arrive at a different conclusion, it would be necessary that this court should be clearly convinced that the conclusion of the Court of Appeals of the District of Columbia was wrong. Indeed, it might well be contended that what I have just stated does not go as far as did our Circuit Court of Appeals recently in Gold et al. v. Newton, 254 Fed. 824, —— C. C. A. ——. In respect of the argument that the word "infallible," in connection with plaintiff's smokeless powder, has acquired a secondary meaning, it is sufficient to refer to Elgin National Watch Co. v. Illinois Watch Case Co., 179 U. S. 665, 21 Sup. Ct. 270, 45 L. Ed. 365.

I quite agree with the contention of counsel for the defendant that what plaintiff asks in the case at bar is, in effect, to modify the statute, so as to make the "ten-year" period, not that next preceding the passage of the act of 1905 (Act Feb. 20, 1905, c. 592, 33 Stat. 724 [Comp. St. 1916, § 9485 et seq.]), but such a period as would cover plaintiff's use of the mark.

For the reasons thus briefly outlined, it follows that the bill must be dismissed.